1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                                      DISTRICT OF NEVADA

10

11   DERRICK VERNON COLE,                          )
                                                   )   Case No. 2:16-cv-02487-JCM-NJK
                           Plaintiff(s),           )
12                                                 )
         vs.                                       )   ORDER
13                                                 )
     ALLIED INTERSTATE LLC, et al.,                )
14                                                 )
                           Defendant(s).           )
15   _____        )

16          Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C.

17   § 1915 to proceed *in forma pauperis*.  Docket No. 1.  Plaintiff submitted a complaint.  Docket No.

18   1-1.

19   **I.      *In Forma Pauperis* Application**

20          Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees

21   and costs or give security for them.  Docket No. 1.  Accordingly, the request to proceed *in forma*

22   *pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The Clerk's Office is further

23   **INSTRUCTED** to file the complaint on the docket.  The Court will now review Plaintiff's

24   complaint.

25   **II.     Screening the Complaint**

26          Upon granting a request to proceed *in forma pauperis*, courts additionally screen the

27   complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action

28   is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When

2    a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the

3    complaint with directions as to curing its deficiencies, unless it is clear from the face of the

4    complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d

5    1103, 1106 (9th Cir. 1995).

6         Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint

7    for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is

8    essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th

9    Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing

10   that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S.

11   544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more

12   than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*

13   *v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court

14   must accept as true all well-pled factual allegations contained in the complaint, but the same

15   requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679.  Mere recitals of the

16   elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678.

17   Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible,

18   the complaint should be dismissed. *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint

19   are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627

20   F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required

21   after *Twombly* and *Iqbal*).

22        In a report and recommendation issued concurrently herewith, the undersigned has

23   recommended that Plaintiff's second, third, fourth, fifth, and sixth causes of action be dismissed

24   without prejudice pursuant to Rule 21 of the Federal Rules of Civil Procedure.  As a result, this order

25   will screen only Plaintiff's first cause of action.  The first cause of action arises under the Fair Debt

26   Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692f, and names as defendants Allied

27   Interstate LLC and Educational Credit Management Corporation. *See* Docket No. 1-1 at 4.  Plaintiff

28   has failed to state a cause of action under § 1692f.  This section of the FDCPA prohibits unfair and

1   unconscionable means of collecting a debt, and provides a nonexhaustive list of examples. *See, e.g.*,

2   *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1516 (9th Cir. 1994).[1]

3       Although not entirely clear, it appears the crux of Plaintiff's first cause of action is that he

4   received notices that the balances owed had been paid off. *See* Docket No. 1-1 at 5.[2] Those balances

5   had been satisfied through, *inter alia*, the garnishment of tax returns from the Internal Revenue

6   Service. *See id.* It turns out, however, that Plaintiff had not filed tax returns and, instead, the money

7   collected came from tax refunds arising out of fraudulent tax returns filed in Plaintiff's name. *See*

8   *id.* at 5-6. Once it was discovered that the returns were fraudulent, the corresponding garnished

9   refunds were returned to the Internal Revenue Service which rendered Plaintiff's debts no longer

10  satisfied. *See id.* at 6. This was explained to Plaintiff in a recent notice from Allied Interstate. *See*

11  *id.*[3] Plaintiff alleges that the continued attempt to collect on the debts is unlawful because (1)

12  Defendants should have known they were collecting fraudulently-obtained tax refunds and (2)

13  Plaintiff should not be forced to make further payments "on accounts that have already been paid"

14  through the garnishment of the fraudulently-obtained tax refunds.

15      In short, Plaintiff acknowledges that the tax refund monies should never have been credited

16  to his debt balances because they were not the result of proper tax returns that he actually filed.

17  Plaintiff nonetheless seeks to continue to obtain the benefit of the use of those funds to satisfy his

18  debt. The Court fails to discern how it was "unfair or unconscionable" to remove those credits from

19

20      [1] Claims under FDCPA may be brought against debt collectors. *See, e.g.*, 15 U.S.C. § 1692f
(regulating conduct of "[a] debt collector"). A complaint must plead sufficient factual content to
21  show that the defendant acted as a debt collector. *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d
1204, 1208 (9th Cir. 2013). A debt collector includes "any person who uses any instrumentality of
22  interstate commerce or the mails in any business that principal purpose of which is the collection of
any debts" and any person "who regularly collects or attempts to collect, directly or indirectly, debts
23  owed or due or asserted to be owed or due another." *Id.* (quoting 15 U.S.C. § 1692(a)(6)). The
Court assumes for purposes of this order that Allied Interstate LLC and Educational Credit
24  Management Corporation qualify as debt collectors, but any amended complaint shall provide
specific factual allegations to show that each defendant qualifies as a debt collector.
25

26      [2] The Court has attempted to discern Plaintiff's intended basis for this claim. To the extent
Plaintiff seeks to state a claim through some other theory or through other facts, the amended
27  complaint must clearly identify the other theories and/or factual allegations. *See* Fed. R. Civ. P. 8.

28      [3] The complaint indicates that the notice was attached as an exhibit, *see id.*, but no such
exhibit was attached. Any amended complaint should attach the notice as an exhibit.

1   Plaintiff's balance and to seek equivalent funds from Plaintiff.  Accordingly, the Court finds that the

2   complaint as currently written fails to state a claim upon which relief can be granted with respect to

3   the first cause of action.

4   **III.      Conclusion**

5          Accordingly, **IT IS ORDERED** that:

6          1.     Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  Plaintiff shall not

7                 be required to pay the filing fee of four hundred dollars ($400.00).

8          2.     Plaintiff is permitted to maintain this action to conclusion without the necessity of

9                 prepayment of any additional fees or costs or the giving of a security therefor.  This

10                 Order granting leave to proceed *in forma pauperis* shall not extend to the issuance

11                 and/or service of subpoenas at government expense.

12          3.     The Clerk of the Court shall file the Complaint.

13          4.     The Complaint is **DISMISSED** with leave to amend as to the first cause of action.

14                 Plaintiff will have until **January 3, 2017**, to file an Amended Complaint, if he

15                 believes he can correct the noted deficiencies. If Plaintiff chooses to amend the

16                 complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e.,

17                 his original Complaint) in order to make the Amended Complaint complete. This is

18                 because, as a general rule, an Amended Complaint supersedes the original

19                 Complaint.  Local Rule 15-1(a) requires that an Amended Complaint be complete in

20                 itself without reference to any prior pleading.  Once a plaintiff files an Amended

21                 Complaint, the original Complaint no longer serves any function in the case.

22                 Therefore, in an Amended Complaint, as in an original Complaint, each claim and

23                 the involvement of each Defendant must be sufficiently alleged.  **Failure to comply**

24                 **with this order will result in the recommended dismissal of this case.**

25          IT IS SO ORDERED.

26          DATED: December 2, 2016

27                                                          _____

                                                            NANCY J. KOPPE
28                                                          United States Magistrate Judge