UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DERRICK VERNON COLE,  <br>           Plaintiff(s),  <br>vs.  <br>ALLIED INTERSTATE LLC, et al.,  <br>           Defendant(s). | Case No. 2:16-cv-02487-JCM-NJK  <br><br>REPORT AND  <br>RECOMMENDATION |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff submitted a complaint. Docket No. 1-1. In an order issued concurrently herewith, the undersigned has reviewed the application to proceed *in forma pauperis* and screened Plaintiff's first claim, which is brought against Defendants Allied Interstate LLC and Educational Credit Management Corporation. This report and recommendation addresses the remaining five claims against a host of other defendants.

Under Rule 20 of the Federal Rules of Civil Procedure, multiple defendants may be joined in a single suit if (1) the claims against each defendant arise out of the same transaction or occurrence, and (2) any question of fact or law is common to all parties. Fed. R. Civ. P. 20(a). Courts have broad discretion in applying Rule 20. *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1262 (C.D. Cal. 2014). A finding by the Court that joinder is not proper is not grounds to dismiss a case in its entirety, but the Court may exercise its discretion to "add or drop" parties. *See* Fed. R. Civ. P. 21. "Where parties have been inappropriately joined, it is accepted practice under

1  Rule 21 to dismiss all defendants except for the first named in the complaint; this operates as a
2  dismissal of plaintiffs' claims against other defendants without prejudice." *Armstead*, 66 F. Supp.
3  3d at 1263.  The Court may exercise its discretion under Rule 21 *sua sponte* at any time.  *See* Fed.
4  R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a
5  party").

6  In this case, Plaintiff has brought six claims against six separate sets of defendants.  *See*
7  Docket No. 1-1.  All six claims appear to relate to the Fair Debt Collection Act.  *See id.*  At the same
8  time, however, the underlying debts and the collection of those debts are each distinct.  The first
9  cause of action involves debts generated by an educational loan company.  *See* Docket No. 1-1 at 5.
10  The second cause of action involves a debt generated by a utility company.  *See id.* at 9.  The third
11  cause of action involves a debt generated by a short-term cash loan company.  *See id.* at 11.  The
12  fourth cause of action involves a debt generated by a utility company (different than the utility
13  company at issue in the second cause of action).  *See id.* at 13.  The fifth cause of action involves a
14  debt generated by a doctor.  *See id.* at 15.  Finally, the sixth cause of action involves a debt that arose
15  from still another utility company, different than the previous utility companies.  *See id.* at 16.  Each
16  cause of action also names a different collection entity.  *Id.* at 5-17.  The alleged misconduct in
17  collecting on the debts is also different for each claim.  *See id.*

18  Given that the claims do not "arise out of the same transaction or occurrence," they were not
19  properly joined in a single case under Rule 20.  Accordingly, pursuant to Rule 21, the undesigned
20  **RECOMMENDS** that all claims except the first claim be **DISMISSED** without prejudice.

21  IT IS SO ORDERED.
22  DATED: December 2, 2016

23
24  _____
    NANCY J. KOPPE
    United States Magistrate Judge
25

26  **NOTICE**

27  Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must**
28  **be in writing and filed with the Clerk of the Court within 14 days of service of this document.**

1  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived
2  due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142
3  (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2)
4  failure to properly address and brief the objectionable issues waives the right to appeal the District
5  Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951
6  F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.
7  1983).